IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLYDE D. VARNARDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV-05-295-C |
| ) | |
| DONALD H. RUMSFELD, SECRETARY, ) | |
| DEPARTMENT OF DEFENSE, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

On March 13, 2005, Plaintiff filed a complaint asserting claims against Donald Rumsfeld, Secretary of the Department of Defense, related to Plaintiff's termination. (Dkt. No. 1.) Having failed to effect service, Plaintiff was ordered in August 2005 to show cause why his case should not be dismissed. (Dkt. No. 8.) Plaintiff responded and explained that the failure was due to a misunderstanding by counsel and that the statute of limitations on Plaintiff's claims may have already run. (Id.) After considering Plaintiff's Response, the Court granted Plaintiff an extension until September 2, 2005, to properly serve Defendant. (Dkt. No. 9.)

Although a summons was issued for Donald Rumsfeld (with U.S. Attorney McCampbell as his service agent) (Dkt. No. 11) and the return receipt filed (Dkt. No. 12), Plaintiff has again failed to properly effect service. Federal Rule of Civil Procedure 4(i)(2) provides that service on an officer or employee of the United States, whether sued in his official or individual capacity, requires service on the United States as prescribed by Rule 4(i)(1) and service on the officer or employee. Rule 4(i)(1) at least requires that the local

U.S. Attorney and the U.S. Attorney General be served. In this case, Plaintiff simply mailed a copy of the summons and complaint to the local U.S. Attorney (as the purported agent for Secretary Rumsfeld). Under the rules identified above, Plaintiff's second attempt at service is clearly deficient.

Defendant noted these deficiencies in a motion to dismiss for failure to effect service, which was filed on November 21, 2005. (Dkt. No. 14). Although Plaintiff has had ample opportunity to respond, he has failed to do so. See LCvR 7.2(f) (allowing each party opposing a motion to file and serve its response within 18 days from the date the motion was filed). Defendant's motion is, thus, deemed confessed. Id. Moreover, under the circumstances, the Court also agrees that dismissal is appropriate under Rule 4(m) because Plaintiff has attempted and failed to effect service despite having nine months to do so and having been granted one extension by the Court.

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 14) is GRANTED.

IT IS SO ORDERED this 21st day of December, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge